**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

AUBREY M. CARNEY,
      Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,
      Agency.

DOCKET NUMBER
NY-0752-17-0187-I-1

DATE: February 28, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert C. Laity, Tonawanda, New York, for the appellant.

Amber Groghan, Esquire, Akron, Ohio, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her constructive removal appeal for lack of jurisdiction without a hearing. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2  The appellant was a Grade-2 Food Service Worker for the agency, appointed under 38 U.S.C. § 7802. Initial Appeal File (IAF), Tab 9 at 4. On July 11, 2017, the Assistant Canteen Chief called the appellant into his office and showed her a video of her giving a drink to a customer without remuneration. *Id*. at 17. According to the appellant, the Assistant Chief gave her an ultimatum— resign immediately, or he would call the agency police. IAF, Tab 1 at 6, Tab 5 at 6. The appellant also stated that the Assistant Chief told her that the agency had been watching her for a long time and had additional unspecified evidence against her. IAF, Tab 3 at 5-6, Tab 5 at 6. She further stated that the union representative, who was not of her own choosing, acted in concert with the agency to pressure her resignation. IAF, Tab 1 at 6, Tab 3 at 5. The appellant relented. She wrote and signed a brief note, stating "I Aubrey Carney quit today on 7/11/17 asap." IAF, Tab 9 at 18. On July 24, 2017, the agency issued a Standard Form 50 documenting the appellant's resignation effective July 11, 2017. *Id*. at 20.

¶3        The appellant filed a Board appeal and requested a hearing.  IAF, Tab 1 at 2, 4.  She claimed that her resignation was involuntary and that the agency coerced her resignation because of her disability and because of her father-in-law's prior union, equal employment opportunity, and whistleblowing activity at the agency.  *Id*. at 4, 6.  The administrative judge issued a show cause order, notifying the appellant that the Board might lack jurisdiction over her appeal, and informing her of how to establish jurisdiction over a constructive removal appeal.  IAF, Tab 4.  The appellant responded, providing additional support and detail to her allegations of involuntariness.  IAF, Tabs 5-7.  The agency also responded, addressing the appellant's arguments pertaining to voluntariness and also arguing that, as a title 38 employee, the appellant lacked adverse action appeal rights.  IAF, Tab 10.  The appellant replied to the agency's response.  IAF, Tabs 11-12.

¶4        The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without a hearing.  IAF, Tab 15, Initial Decision (ID) at 15.  She found that, because of the nature of her appointment, the appellant lacked a statutory right to appeal her alleged constructive removal.  ID at 3.  She further found that the appellant failed to make a nonfrivolous allegation that her resignation was involuntary.  ID at 3-5.

¶5        The appellant has filed a petition for review, disputing the administrative judge's findings.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response to the petition, PFR File, Tab 2, and the appellant has filed a reply to the agency's response, PFR File, Tab 4.  After the close of the record on review, the appellant filed a motion for leave to file additional evidence regarding her "status as a covered union member of [the Service Employees International Union] entitled to appeal rights to the [Merit Systems Protection Board]."  PFR File, Tab 5.

## ANALYSIS

The appellant's motion for leave to file additional evidence is denied.

¶6      Based on the appellant's description of the additional evidence that she wishes to submit, we find that it would not be material to the outcome of the appeal.  PFR File, Tab 5.  Contrary to the appellant's assertion, her union membership has no bearing on whether she is an "employee" with Board appeal rights under 5 U.S.C. chapter 75.  The appellant's motion for leave to file additional evidence is therefore denied.

The appellant lacks Board appeal rights under 5 U.S.C. chapter 75.

¶7      On petition for review, the appellant argues that she has a statutory right to appeal her constructive removal under 5 U.S.C. chapter 75, because she fits the definition of "employee" under 5 U.S.C. § 7511(a)(1)(C).  PFR File, Tab 1 at 4-5, 7.  However, for the reasons explained below, we find that the appellant lacks Board appeal rights not because she fails to meet the basic definition of "employee" under section 7511(a)(1), but because she is specifically excluded from coverage under section 7511(b)(10).  *See Thomas v. Department of Veterans Affairs*, 78 M.S.P.R. 304, 306 (1998).

¶8      Only an "employee" as defined in 5 U.S.C. § 7511 can appeal a constructive adverse action to the Board.  *Mfotchou v. Department of Veterans Affairs*, 113 M.S.P.R. 317, ¶ 8 (2010).  This right of appeal does not accrue to an individual "who holds a position within the Veterans Health Administration which has been excluded from the competitive service by or under a provision of title 38, unless such employee was appointed to such position under section 7401(3) of such title." 5 U.S.C. § 7511(b)(10); *Falso v. Office of Personnel Management*, 77 M.S.P.R. 207, 210 (1997).

¶9      In this case, it is undisputed that the appellant was an excepted-service employee, appointed under 38 U.S.C. § 7802.  IAF, Tab 1 at 1, Tab 9 at 14; PFR File, Tab 1 at 4.  That section specifically states that employees appointed under it may be "removed by the Secretary [of Veterans Affairs] without regard to the

provisions of title 5 governing appointments in the competitive service." 38 U.S.C. § 7802(e).  We therefore agree with the administrative judge that the Board lacks jurisdiction over the appellant's constructive removal appeal.[2]  ID at 3; *see Mfotchou*, 113 M.S.P.R. 317, ¶¶ 11-12.

¶10    Because we affirm the initial decision on this basis, we decline to reach the issue of whether the appellant made a nonfrivolous allegation that her resignation was involuntary.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Although the administrative judge did not apprise the appellant of this jurisdictional issue prior to issuing the initial decision, we find that the appellant's substantive rights were not prejudiced because the agency's submissions were sufficient to notify her of her burden in this regard.  IAF, Tab 9 at 7, Tab 10 at 6-8; *see Herbert v. U.S. Postal Service*, 86 M.S.P.R. 80, ¶ 10 (2000).  Furthermore, any defect in the notice was cured in the initial decision, thus affording the appellant an opportunity to meet her jurisdictional burden on review.  ID at 3; s*ee Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.    5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).    If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.    5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.    5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                            /s/ for
                                                   Jennifer Everling
                                                   Acting Clerk of the Board

Washington, D.C.